IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| ANDREA GENRETTE, | ) | |
| | ) | Bankr. Case No. 15-11738 (BLS) |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| ANDREA GENRETTE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1664 (MN) |
| | ) | |
| BANK OF NEW YORK MELLON TRUST | ) | |
| COMPANY, N.A., | ) | |
| | ) | |
| Appellee. | | |

## MEMORANDUM ORDER

At Wilmington, this 25th day of September 2020:

## I.   INTRODUCTION

Presently before the Court is an appeal from a Bankruptcy Court order, dated August 28, 2019 (Bankr. D.I. 169)[1] ("Order Denying Amended Objection to Proof of Claim") by *pro se* appellant Andrea Genrette ("Appellant"), which denied and overruled Appellant's Amended Objection to Proof of Claim (Bankr. D.I. 156) ("Amended Objection to Proof of Claim") for the reasons set forth on the record by the Bankruptcy Court at the hearing held on August 28, 2019 (Bankr. D.I. 181, 8/28/19 Hr'g Tr.).  For several years, Appellant has filed direct litigation, multiple emergency motions, appeals to this Court, and appeals to the U.S. Court of Appeals for the Third Circuit ("Third Circuit") raising the same arguments put forth again in this

---

[1]     The docket of the Chapter 13 case, captioned *In re Andrea Genrette*, No. 15-11738-BLS (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

appeal.  For the reasons set forth herein, and in the Court's prior rulings, the Court will affirm the Order Denying Amended Claim Objection.

## II.   BACKGROUND

### A.   Chapter 13 Case

1.     On June 21, 2004, Appellant and George McClone ("McClone") obtained a mortgage loan from Mercantile Mortgage Company ("Mercantile") (D.I. 12, Exh. B) ("Note").  To secure the loan, Appellant and McClone gave a mortgage to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for Mercantile ("Mortgage") as to property located at 4 Westbury Drive, New Castle, Delaware ("Property") (*id.,* Exh. C).  On October 1, 2010, Appellant entered into a Non-Hamp Loan Modification Agreement (*id.,* Exh. D) ("Loan Modification Agreement").  MERS, as nominee for Mercantile, assigned the mortgage to appellee Bank of New York Mellon Trust Company, N.A. ("BONY Mellon") on October 1, 2015 (*id.*, Exh. E) ("Assignment of Mortgage").  The Note is endorsed to appellee BONY Mellon.  (*See id.,* Exh. B).

2.     On August 19, 2015, Appellant commenced a Chapter 13 case.  (Bankr. D.I. 1). Appellant filed two amended plans in connection with the bankruptcy.  The second amended plan ("Plan"), dated October 21, 2015, contained a provision by which Appellant proposed to cure the pre-petition mortgage arrears owed to BONY Mellon and continue to make post-petition payments.  (Bankr. D.I. 30).  The Bankruptcy Court confirmed the Plan on October 26, 2015. (Bankr. D.I. 34).  On September 13, 2016, BONY Mellon filed a proof of claim ("Proof of Claim") claiming pre-petition arrears of $5,761.01.  (D.I. 13, Exh. F).  Appellant did not object to BONY Mellon's Proof of Claim for more than a year and half, and only did so after BONY Mellon sought relief from the stay.  On March 22, 2018, Appellant filed an Objection to Proof of Claim claiming

it was filed late and objecting to the amount and validity of the claim. (Bankr. D.I. 77). On August 2, 2018, the Bankruptcy Court overruled Appellant's Objection to Proof of Claim as moot because relief from the stay had been granted to BONY Mellon as explained below. (Bankr. D.I. 96). The Bankruptcy Court also noted that the Court saw no prejudice to Appellant from any alleged delay in the filing of BONY Mellon's Proof of Claim. (*Id.*).

**B.      Lift Stay Order and Appeal**

3.      On June 29, 2017, BONY Mellon filed a Motion for Relief from Stay (Bankr. D.I. 52) ("Stay Relief Motion") following  Appellant's failure to pay more than a year of the required post-petition payments under the Chapter 13 plan, including payments for the months of July 2016 through June 2017. (*Id*. ¶ 1). Appellant filed an Answer to the Stay Relief Motion in which she admitted the post-petition arrears. (Bankr. D.I. 54). Rather than litigate that decision, however, determination of the Stay Relief Motion was stayed by agreement of the parties per a signed stipulation (Bankr. D.I. 59) ("the Stipulation"). Under the terms of the Stipulation, Appellant (i) acknowledged BONY Mellon's calculation of post-petition arrearages and costs, (ii) agreed to file, within 30 days, a modified Chapter 13 plan to provide a cure for the post-petition arrears, then totaling $14,197.58 (*id.* ¶¶ 10-12); and agreed to continue to make regular monthly payments in the amount of $1,242.52 as due beginning with the September 1, 2017 payment (*id*. ¶ 13). Under the Stipulation, potential events of default included: Appellant's failure to file the modified Chapter 13 plan, failure to pay the post-petition arrearages, and failure to make any of the monthly payments. (*Id*. ¶ 14). The Stipulation further provided that, if Appellant failed to comply with any of the provisions of the Stipulation, a Notice of Non-Compliance could be filed on ten days' notice wherein relief from the stay would be granted without further hearing of the

Bankruptcy Court.  (*Id.* ¶ 15).  On October 3, 2017, the Bankruptcy Court approved the Stipulation (Bankr. D.I. 60).

4.      On January 11, 2018, BONY Mellon filed a Notice of Non-Compliance. (Bankr. D.I. 65).  The notice indicates, and the docket reflects, that Appellant failed to file a modified Chapter 13 plan as required by the Stipulation.  The Notice of Non-Compliance also stated that Appellant was in default for a total amount of $3,707.08, which included three regular mortgage payments required on November 2017, December 2017, and January 2018.  (*Id.* at 2).

5.      On January 16, 2018, Appellant filed the proposed modified Chapter 13 plan, which was approved by the Bankruptcy Court.  (Bankr. D.I. 66, 72).  On February 1, 2018, BONY Mellon filed a Notice of Default under the Stipulation, indicating that while a modified plan was filed, post-petition arrears for November 1, 2017 through February 1, 2018 remained unpaid. (Bankr. D.I. 71).  Appellant filed an objection to the Notice of Non-Compliance and Notice of Default asserting that BONY Mellon was not entitled to stay relief because (a) there was an improper allocation of post-petition payments, (b) erroneous fees were charged during the bankruptcy, and (c) the amount owed was incorrect.  (Bankr. D.I. 74).

6.      On April 24, 2018, the Bankruptcy Court held a hearing regarding, among other things, the Notice of Non-Compliance and Notice of Default.  (*See* Bankr. D.I. 98, 4/24/18 Hr'g Tr.).  On April 25, 2018, BONY Mellon filed a supplemental letter brief with the Bankruptcy Court, which included correspondence from Ocwen, the loan servicer, to Appellant with an account reconciliation in response to questions raised by Appellant.  (Bankr. D.I. 84).  On April 30, 2018, Appellant filed a response to the supplemental letter brief claiming that Ocwen collected payment and other charges before the loan was assigned to it.  (Bankr. D.I. 85).  On May 8, 2018, Appellant filed a motion to reinstate the automatic stay.  (Bankr. D.I. 87).

7.      On June 7, 2018, the Bankruptcy Court entered the Lift Stay Order, which (i) denied Appellant's motion to reinstate the automatic stay, and (ii) granted BONY Mellon relief from the automatic stay on the basis that Appellant failed to make the required post-petition payments under the Stipulation.  (Bankr. D.I. 90 ¶ 2).  The Bankruptcy Court further determined:

> In subsequent proceedings, including a hearing held on April 24, 2018, [Appellant] has raised challenges to, among other things, [BONY Mellon's] pre-bankruptcy conduct, the amounts due to [BONY Mellon] and the contents of [BONY Mellon's] proof of claim.  The terms of the Stipulation are clear, and the record supports a finding that a payment default has occurred.  The issues raised by [Appellant], particularly those relating to events that occurred years ago, do not change the fact that [Appellant] failed to make payments in compliance with the Stipulation.

(*Id.* ¶ 3).  On June 21, 2018, Appellant appealed the Lift Stay Order (Bankr. D.I. 93).  (C.A. No. 18-920-MN, D.I. 1).  Appellant filed a Motion for Emergency Review, which was denied.  (*Id.*, D.I. 13, 16).  Appellant later filed an Emergency Motion for Temporary Injunction.  (*Id.*, D.I. 31).  This request was also denied.  (*Id.*, D.I. 35).  *In re Genrette*, C.A. No. 18-920-MN, 2018 WL 6696048 (D. Del. Dec. 20, 2018).  On February 7, 2019, this Court affirmed the Lift Stay Order.  (*Id.*, D.I. 41).  On September 27, 2019, this Court entered a Memorandum Order denying Appellant's petition for rehearing *en banc*.  (*Id.*, D.I. 46).  *In re Genrette*, C.A. No. 18-920-MN, 2019 WL 4740053 (D. Del. Sept. 27, 2019).  Appellant appealed that ruling to the Third Circuit.[2] On March 17, 2020, the Third Circuit affirmed.  (*Id.*, D.I. 49).  *In re Genrette*, 797 F. App'x 739 (3d Cir. 2020).

### C.      Order Denying Loan Modification and Appeal

8.      While her appeal of the Lift Stay Order was pending, Ocwen offered Appellant a loan modification which required acceptance by July 31, 2018.  (*See* D.I. 13, Exh. A) ("Loan

---

[2]      Appellant's Notice of Appeal was docketed with the Third Circuit under Case No. 19-3386.

Modification Agreement").   Appellant inquired whether she could have an extension to respond to the loan modification until after her appeal was decided.   In response, Ocwen advised Appellant she could respond by August 31, 2018, but no later.   Rather than forgo the benefit of the loan modification, Appellant accepted the Loan Modification Agreement on August 31, 2018, and voluntarily made payments on the loan modification from August 31, 2018 through November 29, 2018.   (*See* D.I. 12, Exh. A.)   Accordingly, on October 11, 2018 BONY Mellon filed a Motion for Approval of Loan Modification Encumbering Property ("Motion To Approve Loan Modification") (Bankr. D.I. 101), which, somewhat surprisingly, Appellant opposed on the basis that the Bankruptcy Court did not have subject matter jurisdiction to hear the motion because BONY Mellon's claim "is being handled by the Federal Court."  (Bankr. D.I. 103).

9.      As part of Appellant's strategy, she also filed a Motion to Stay seeking to stay her entire Chapter 13 case until the Lift Stay Order appeal was decided.  (Bankr. D.I. 105).  Appellant filed an objection to the Motion to Approve Loan Modification, on November 5, 2018, seeking additional time because the Lift Stay Order appeal was still pending.  (Bankr. D.I. 109).  On November 16, 2018, Appellant filed a reply in opposition to the Motion to Approve Loan Modification, asserting, among other things, that the Lift Stay Order was still pending appeal, BONY Mellon's security interest in Appellant's property was not perfected, Appellant was not able to acquire new debt while in a Chapter 13 bankruptcy, and BONY Mellon's alleged lack of standing.

10.      On November 20, 2018, the Bankruptcy Court held a hearing on the Motion to Approve Loan Modification and Motion to Stay.   The Bankruptcy Court found both of these requests to be atypical.   Further, although Appellant voluntarily signed the Loan Modification Agreement, the Bankruptcy Court recognized that because Appellant opposed the Motion to

Approve Loan Modification, the Bankruptcy Court had no choice but to deny it.  (Bankr. D.I. 112).

"[T]he record reflecting that the Debtor objects to the relief set forth in the motion[,] and the Court having noted that it would not approve a mortgage modification over the Debtor's objection," the Bankruptcy Court entered the Order Denying Loan Modification on November 27, 2018.  (*See* Bankr. D.I. 118).  On November 28, 2018, Appellant filed a Notice of Appeal of the Order Denying Loan Modification and Motion To Stay.  (Bankr. D.I. 119).  On October 1, 2019, this Court affirmed the Bankruptcy Court's order.  *In re Genrette*, C.A. No. 18-1883-MN, 2019 WL 4778167 (D. Del. Sept. 30, 2019).

> **D.     Direct Litigation**

11.     While the District Court appeals were pending, Appellant filed a Complaint against BONY Mellon for declaratory judgment, violation of the False Claims Act, and reapplication of loan forgiveness.  (C.A. No. 19-936-MN, D.I. 2).  On October 4, 2019, this Court dismissed the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*Id.*, D.I. 5).  *Genrette v. Bank of New York Trust Co., N.A.*, C.A. No. 19-936-MN, 2019 WL 4917890 (D. Del. Oct. 4, 2019).  On October 15, 2019, Appellant filed a notice of appeal of this decision to the Third Circuit.  (*Id.*, D.I. 7).[3]  On June 8, 2020, the Third Circuit entered an order affirming this Court's ruling.  (*Id.*, D.I. 9).  *Genrette v. Bank of New York Trust Co., N.A.*, 808 F. App'x 77 (3d Cir. 2020).

> **E.     Order Denying Amended Objection to Proof of Claim and Appeal**

12.     Contemporaneously with the entry of Lift Stay Order, Appellant had previously filed an objection to BONY Mellon's Proof of Claim.  (Bankr. D.I. 77).  The Bankruptcy Court overruled the Claim Objection as moot on the basis that relief from the automatic stay had been

---

[3]     Appellant's Notice of Appeal was docketed with the Third Circuit under Case No. 19-3385.

granted. (Bankr. D.I. 96). The Bankruptcy Court also determined that there was no prejudice to Appellant from any alleged delay in filing of BONY Mellon's Proof of Claim. (*Id*.).

13.     Despite BONY Mellon having been granted relief from the automatic stay (which this Court affirmed on appeal of the Lift Stay Order), Appellant filed the Amended Objection to Proof of Claim on July 1, 2019. (Bankr. D.I. 156). On August 28, 2019, the Bankruptcy Court held a hearing, at which time Appellant's objection was overruled for the reasons set forth on the record. (*See* 8/28/19 Hr'g Tr. at 25-29). Following the bench ruling, the Order Denying Amended Objection to Proof of Claim was entered. (Bankr. D.I. 169). On September 5, 2019, Appellant filed her Notice of Appeal from the Order Denying Amended Objection to Proof of Claim (Bankr. D.I. 173), which is currently before this Court (D.I 1). The appeal is fully briefed. (D.I. 11, 12, 13). The Court did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## III.     STANDARD OF REVIEW

14.     Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3). In conducting its review of the issues on appeal, this Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir. 1999). The Court must "break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992).

IV.   **ANALYSIS**

15.    Appellant requests that this Court reverse and remand the Order Denying Amended Objection to Proof of Claim and instruct the Bankruptcy Court to hold an evidentiary hearing on the "disputed material facts." (D.I. 11 at 3, 5-6, and 10). Appellant again asserts that BONY Mellon's Proof of Claim was untimely, contained accounting errors, and that BONY Mellon does not have standing. (*See id*. at 2, 4, and 9-11). BONY Mellon asserts that these issues are moot because BONY Mellon has relief from the automatic stay, and therefore there is no need for the Bankruptcy Court to hold an evidentiary hearing. Even if they were not moot, BONY Mellon argues Appellant's arguments regarding prejudice, accounting errors, and standing lack merit. Moreover, BONY Mellon argues that the doctrine of collateral estoppel bars reconsideration of Appellant's arguments, as these issues were heard and rejected by this Court in prior litigation. The Court agrees with BONY Mellon.

A.    **The Bankruptcy Court Properly Denied the Amended Objection to Proof of Claim as Moot**

16.    The Bankruptcy Court properly determined that the objection was moot. Appellant initially objected to BONY Mellon's Proof of Claim in 2018 after BONY Mellon filed for relief from stay. The Lift Stay Order was granted, however, and the Bankruptcy Court determined that Appellant's initial objection to the Proof of Claim was moot. As a result, BONY Mellon argues, it is no longer participating in Appellant's Chapter 13 Plan and is not receiving distributions through the Trustee appointed in her case. Appellant filed her Amended Objection to Proof of Claim only ***after*** losing her appeal of the Lift Stay Order (and while the appeal of the Order Denying Loan Modification and the direct litigation were pending). The Amended Objection to Proof of Claim asserts the same arguments previously litigated – that BONY Mellon was listed on the Debtor's schedules as holding an unsecured claim, could not legally perfect the lien underlying

the Proof of Claim post-petition, filed an untimely proof of claim, asserted erroneous prepetition arrears, and lacked standing to assert its claim.

17.     As the Bankruptcy Court noted, much of what was identified in the Amended Objection to Proof of Claim "revisits or reasserts objections and arguments that have been made previously in this Court" and is, in many respects, "effectively a motion for reconsideration." (8/28/19 Hr'g Tr. at 25:19-23).  The Bankruptcy Court observed, among other things, that: the security interest held at the time of the Chapter 13 filing was merely assigned to another party post-petition – "a pretty commonplace aspect of the mortgage servicing industry"; contrary to Appellant's assertions, there was no "perfection" of a lien during the bankruptcy; unlike perfection of a security interest, the automatic stay is not implicated by assignment; Appellant's liability did not change as a result of the assignment; and Appellant had obtained confirmation of a plan that provided for a secured claim on account of the mortgage.  (*See* 8/28/19 Hr'g Tr. at 17-19).

18.     Having rejected Appellant's assertion of alleged defects or violations of the automatic stay with respect to the assignment of the mortgage, the Bankruptcy Court was satisfied that BONY Mellon had standing to appear and obtain relief.  (*Id*. at 27:10-13 ("I'm not satisfied that anything in the record would support a finding that the assignment of the mortgage was a violation of the automatic stay or was otherwise ineffective.").  The Bankruptcy Court further rejected Appellant's argument that the Debtor's schedules operated to eliminate BONY Mellon's security interest, and held that the principles of collateral estoppel and judicial estoppel "preclude[d] any meaningful challenge to the secured status of [BONY Mellon]."  (*Id*. at 27:17-26:22 (noting that the "confirmed plan acknowledged the secured status of the mortgage company, and I have ruled and the Appellate Court has ruled that [BONY Mellon] is a secured creditor entitled to adequate protection.  That entitlement was the basis for this Court's order granting relief

from stay that was issued by me and then affirmed . . . at the District Court").  Finally, with respect to the alleged prepetition arrearages dispute, the Bankruptcy Court held that was effectively moot, because, among other things, the Lift Stay Order granted BONY Mellon relief from the stay to pursue recovery against the Property, and the basis for the Lift Stay Order was the "undisputed and admitted post-petition defaults."  (*Id*. at 28:12-16).

19.     As the relief granted in the Lift Stay Order was not reversed, BONY Mellon remains entitled to pursue its remedies against the Property, and the Bankruptcy Court properly determined that the issues raised in the Amended Objection to Proof of Claim remain moot. The Court finds no basis to disturb that decision.

> **B.     Appellant's Arguments Regarding the Proof of Claim's Timeliness, Accounting Errors, and BONY Mellon's Lack of Standing Are Without Merit**

20.     Even if Appellant's Amended Objection to Proof of Claim were not moot, Appellant claims that BONY Mellon's Proof of Claim was untimely, contained accounting errors, and that BONY Mellon does not have standing.  For the reasons set forth in prior decision of this Court and the Third Circuit, these arguments lack merit, and Court rejects them once again.

21.     First, with respect to timeliness, Appellant argues that BONY Mellon "never filed for leave of court for an extension of time to file their proof of claim under the Federal Rules of Bankruptcy Procedure" and thus the Proof of Claim should have been "stricken from the record." (D.I. 13 at 4-5).  Appellant further claims that BONY Mellon's untimely Proof of Claim should be disallowed because it was "undeniably prejudicial to the underlying bankruptcy and Appellant's ability to adequately assert and defend her claims."  (*Id.* at 2).  A bankruptcy court's decision to allow a late filed proof of claim is reviewed for abuse of discretion. Here, it is undisputed that the Chapter 13 plan confirmed in this case required Appellant to make post-petition payments to BONY Mellon.  Under these circumstances, there could be no prejudice to the Appellant or the

estate by virtue of BONY Mellon's late-filed claim and no basis to find an abuse of discretion. Indeed, in overruling Appellant's initial objection to the Proof of Claim, the Bankruptcy Court found no prejudice to Appellant from any alleged delay in the filing of BONY Mellon's Proof of Claim.  (Bankr. D.I. 96 at n.1 (noting "Under the present circumstances, the Court sees no prejudice to the Debtor from any alleged delay in the filing of [BONY Mellon]'s proof of claim.")).  The Bankruptcy Court affirmed this again in its ruling on Appellant's Amended Objection to Proof of Claim, which is the subject of this appeal.  (Bankr. D.I. 169).

22.     As BONY Mellon also correctly points out, its failure to timely file its proof of claim has no bearing on its right to participate under the Chapter 13 plan.  *See In re Lewis*, No. 11–13987-JLG, 2017 WL 1839165, *4 (Bankr. S.D.N.Y. May 5, 2017) (granting secured creditor's motion for relief from stay).  "Under Section 1327(a) confirmation of plan allows a secured creditor to receive distributions to the extent provided in the plan, even if no proof of claim is filed."  *Id.* (quoting *In re: Dumain*, 492 B.R. 140, 149 (Bankr. S.D.N.Y. 2013)).  Finally, as BONY Mellon correctly points out, disallowance of a claim on grounds that it is late does not avoid a valid lien secured by the claim.  *See Dewsnup v. Timm (In re: Dewsnup)*, 502 U.S. 410 (1992) (confirming 11 U.S.C. § 502(a) is not a lien avoidance statute); *see also In re: Dobbs*, 597 B.R. 74, 78 (Bankr. E.D.N.Y. 2019) (holding debtor could not utilize the claims objection process to avoid a secured mortgage lien that was otherwise enforceable under applicable law).  This Court has rejected Appellant's timeliness argument in its decisions affirming the Lift Stay Order and denying the Petition for Rehearing.  C.A. No. 18-920-MN, D.I. 41 ¶ 24; *Genrette*, 2019 WL 4740053, at *5.  This Court rejected the argument again in its decision affirming the Order Denying Loan Modification.  *Genrette,* 2019 WL 4778167, at *4.  This Court does so here again.

23.     Second, with respect to the alleged accounting errors, even if these claims were not rendered moot by the Lift Stay Order, the argument is also unsupported by the record and contrary to the Stipulation.  Appellant complains about the amount of the pre-petition arrears included in BONY Mellon's Proof of Claim.  (D.I . 11 at 2-4 and 10).  Appellant further asserts that the loan modification obtained from the prior servicer was not recorded, and thus there was no verification or recordation of the balance and terms and conditions when the loan was transferred in 2013.  (*Id.* at 4).  According to BONY New York, however, Appellant fails to cite the specific figures to which she objects and has already conceded the validity of the loan.

24.     The Court agrees with BONY New York.  When an objection is filed, the objecting party bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim.  *See In re Planet Hollywood Int'l*, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (denying debtor's objection to amended proof of claim).  The objector must produce actual evidence – "[m]ere allegations, unsupported by evidence, are insufficient to rebut the movant's prima facie case."  *In re F-Squared Inv. Mgmt., LLC*, 546 B.R. 538, 544 (Bankr. D. Del. 2016) (dismissing objection to proof of claim and granting motion for relief).  Appellant has failed to meet this burden.  At most, Appellant makes vague statements that BONY Mellon's Proof of Claim reflected inaccurate amounts claimed due and owing and that BONY Mellon has never provided an accurate accounting.  (D.I. 11 at 3-4).  As this Court confirmed in its decisions affirming the Lift Stay Order and denying the Petition for Rehearing, however, the alleged accounting errors are not factually supported by the record.  C.A. No. 18-920-MN, D.I. 41 ¶ 19; *Genrette*, 2019 WL 4740053, at *4.  This was confirmed again by this Court in its decision affirming the Order Denying Loan Modification.  *Genrette*, 2019 WL 4778167 at *4-5.  Appellant conceded the validity of her post-petition obligations and specified the amounts owed in the Stipulation, which

was approved by a final order and is binding.  (*Id.*).  Thus, there were no material facts relevant to accounting errors which had to be adjudicated prior to the Bankruptcy Court's ruling on the Amended Objection to Proof of Claim.

25.    Finally, with respect to standing, Appellant claims the Bankruptcy Court erred by not recognizing that the assignment violated the automatic stay and that BONY Mellon lacks standing to assert an interest in the Property.  (*See* D.I. 11 at 4, 11).  As an initial matter, "a mortgagor, or borrower, [like Appellant here] does not have standing to allege that an assignment between two third parties is invalid."  *Oliver v. Bank of Am.*, C.A. No. 13-4888 (RMB/KMW), 2014 WL 1429605 (D.N.J. Apr. 14, 2014) (citing *Grullon v. Bank of Am., N.A.*, C.A. No. 10-5427 (KSH)(PS), 2013 WL 9681040, \*11 (D.N.J. Mar. 28, 2013)); *see also Schiano v. MBNA*, C.A. No. 05-1771 (JLL), 2013 WL 2452681, \*25-26 (D.N.J. 2013); *In re Walker*, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012).  Setting that point aside, Appellant once again argues that the Assignment of Mortgage was prepared, filed, and recorded in October of 2015, "after the bankruptcy filing," and it "in no way confers standing upon BONY."  (D.I. 13 at 3).

26.    As BONY Mellon correctly points out, a party is entitled to enforce a negotiable instrument when the party is "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder . . . ."  6 Del. C. § 3–301.  Delaware law specifically defines a holder as a "person in possession of a negotiable instrument either as the bearer or to the identified person that is the person in possession."  6 Del. C. § 1–201(b)(21)(A); *see also WBCMT 2006-C29 Office 4250, LLC v. Chestnut Run Inv'rs, LLC*, C.A. No. N14L-03-040 FWW, 2015 WL 4594538, \*7 (Del. Super. Ct. July 30, 2015).  Rejecting Appellant's allegation of lack of standing, this Court previously found:

> BONY Mellon is in possession of the Note.  BONY Mellon attached to the
> Proof of Claim a copy of an assignment of mortgage from Mortgage

> Electronic Registrations Systems, Inc. as nominee for Mercantile Mortgage Company (the original lender) to BONY Mellon. (*See* Proof of Claim, Exhibit A). Further, a copy of the Note which is endorsed to BONY Mellon is also attached to the Proof of Claim. (*Id*.). The Court finds no error in granting stay relief as [BONY Mellon] was entitled to enforce both the Note and Mortgage under Delaware law, and in turn was a party in interest entitled to seek relief from the automatic stay.

C.A. No. 18-920-MN, D.I. 41 ¶¶ 22-23; ; *see also Genrette*, 2019 WL 4740053, at *5. This Court likewise rejected Appellant's claim of lack of standing in the decision affirming the Order Denying Loan Modification. *Genrette,* 2019 WL 4778167, at *5. The Third Circuit agrees that the record supports a finding that BONY Mellon is in possession of the Note. *See Genrette*, 797 F. App'x 739 at 740 ("while Genrette seems to argue that Bank of New York does not hold the note, the record does not support this claim; rather, it shows that Bank of New York possesses the note, which has been indorsed to it.")

27.     As previously noted by this Court and the Bankruptcy Court, Appellant did not question BONY Mellon's standing to foreclose when she commenced the Chapter 13, when she provided for payment to BONY Mellon in the Chapter 13 plan, or when she confirmed amounts due, and when she agreed to make payments to BONY Mellon under the Stipulation. (*Id*. ¶ 22). The assignment did not implicate the automatic stay, and there were no material facts relevant to standing which had to be adjudicated prior to the Bankruptcy Court's ruling on the Amended Objection to Proof of Claim.

### C.     Appellant's Arguments Are Barred by Collateral Estoppel

28.     According to BONY Mellon, Appellant's arguments that the Proof of Claim was untimely, contained accounting errors, and that BONY Mellon lacks standing, must be rejected as they are clearly barred by the doctrine of collateral estoppel. (*See* D.I. 12 at 14-15). Appellant's

reply to this argument, if any, is that the prior rulings on these issues were wrongly decided. (*See* D.I. 13). Such an argument misses the point, and the Court agrees with BONY Mellon.

29. Collateral estoppel – also called issue preclusion – prevents a party from relitigating an issue that has already actually been litigated. *Peloro v. U.S.*, 488 F.3d 163, 174 (3d Cir. 2007). Four elements must be satisfied for collateral estoppel to apply: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Id.* at 175 (citing *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995)).

30. First, the issues of whether BONY Mellon's Proof of Claim was untimely, whether there were accounting errors, and whether BONY Mellon had standing were all issues before this Court in Appellant's prior appeals of the Lift Stay Order and the Order Denying Loan Modification. C.A. No. 18-920-MN, D.I. 41 ¶¶ 19 and 22-24; *Genrette*, 2019 WL 4740053, at *4-5; *Genrette*, 2019 WL 4778167, at *4-5. Second, there is no question that these issues were actually litigated between the parties, and that the Court rejected Appellant's claims. (*See id.*) Third, this Court's decisions denying Appellant's two prior appeals constitute valid final judgments. Once a district court has ruled on all of the issues submitted to it, either deciding them or declining to do so, the declaratory judgment is complete, final, and appealable. *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001). Finally, this Court's determination regarding Appellant's claims were essential to its judgments which ultimately denied Appellant's attempts to avoid foreclosure on the Property.

## V.    <u>**CONCLUSION**</u>

For the reasons set forth herein, the Order Denying Amended Objection to Proof of Claim (Bankr. D.I. 169) is AFFIRMED.  In light of the duplicative nature of the motions and appeals discussed herein, any future filings by Appellant in this matter may be docketed but not considered, and no party is required to file a response to any future filing by Appellant unless otherwise directed by the Court.  The Clerk of the Court is directed to CLOSE this case.

The Honorable Maryellen Noreika
United States District Judge

17